**Timothy Allen LaPLANTE, Petitioner,**

v.

**Stephen F. PONTESSO, Respondent.**

**No. 96–CV–72878–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

April 14, 1997.

---

Timothy Allen LaPlante, Milan, pro se.

David DeBodl, Assistant U.S. Attorney, Detroit, for Respondent.

## *MEMORANDUM OPINION AND ORDER*

ROSEN, District Judge.

### I. *Introduction*

Before the Court is petitioner's habeas corpus petition under 28 U.S.C. § 2241. Petitioner has been convicted in the Western District of Michigan of conspiracy to distribute and possession with intent to distribute more than 1,000 kilograms of marijuana. *See* 21 U.S.C. §§ 841(a) and 846. On January 12, 1995, the trial court sentenced petitioner to imprisonment for sixty-three (63) months.

Petitioner is currently confined at the Federal Correctional Institution in Milan, Michigan where he has been accepted in a drug treatment program. The pending petition seeks a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for successful completion of the drug treatment program. Petitioner has

---

1. This subsection reads as follows:
   (B) Period of custody.—The period a prisoner convicted of a nonviolent offense, remains in custody after successfully completing a treatment program may be reduced by the

exhausted administrative remedies for his claim.

### II. *Discussion*

Under 18 U.S.C. § 3621(b), the Bureau of Prisons ("the Bureau") must make available substance abuse treatment for each prisoner that the Bureau determines has a treatable substance addiction or abuse. The statute permits the Bureau to reduce a prisoner's sentence by as much as one year if the prisoner successfully completes a treatment program and was convicted of a nonviolent offense. 18 U.S.C. § 3621(e)(2)(B).[1]

Petitioner's participation in an appropriate drug treatment program is not in dispute. The sole question in this case is whether he was convicted of a nonviolent offense and therefore is eligible for a reduction in his sentence.

Section 3621 does not define "nonviolent offense." The Court therefore must determine whether the Bureau's interpretation of 18 U.S.C. § 3621 is a permissible construction of the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). The Court must give controlling weight to the Bureau's regulations unless the regulations are "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844, 104 S.Ct. at 2782. Furthermore, the Court

> may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.
>
> [C]onsiderable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations.

*Id.* (footnotes omitted)

### A. *The Bureau's Interpretation of 18 U.S.C. § 3621(e)(2)(B)*

The Bureau's regulation interpreting 18 U.S.C. § 3621(e)(2)(B) reads in pertinent part as follows:

---

Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.
    18 U.S.C. § 3621(e)(2)(B).

§ 550.58 Consideration for early release.

Except as provided in this paragraph, an inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D, and who completes a residential drug abuse treatment program including subsequent transitional services in a community-based program (i.e., in a Community Corrections Center or on home confinement) during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months. **The following categories of inmates are not eligible:** INS detainees, pretrial inmates, contractual boarders (for example, D.C., State, or military inmates), **inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. 924(c)(3),** inmates who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault, and inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or professional discretion.

28 C.F.R. § 550.58 (emphasis added) Thus, the Bureau defines "nonviolent offense" by reference to the definition of "a crime of violence" in 18 U.S.C. 924(c)(3) Section 924(c)(3) reads as follows:

> (3) For purposes of this subsection the term crime of violence' means an offense that is a felony and—
>
> (a) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Bureau's program statements (number 5330.10 dated May 17, 1996, and number 5162.02 dated April 23, 1996) also offer guidance on 18 U.S.C. § 3621(e)(2)(B). *See* response to petition for writ of habeas corpus, exhibits 7 and 8. Program statement 5162.02 enumerates criminal offenses that the Bureau has concluded are crimes of violence.[2] The Bureau treats a violation of 21 U.S.C. § 841(a) the predicate offense here, as a crime of violence depending on the specific offense characteristic assigned. *See* Program Statement 5162.02, section 9.c. The Bureau routinely concludes that defendants who were convicted under 21 U.S.C. § 841 and who receive a two-level sentence enhancement for possession of a firearm have been convicted of a crime of violence. *See* Program Statement 5162.02, section 9, Example 1.

Petitioner's specific offense characteristic was enhanced by two levels because law enforcement authorities found firearms when executing a search of his properties. *See* U.S.S.G. 2D1.1(b)(1); response to petition for writ of habeas corpus, exhibit 9 at 10 and 13. Accordingly, the Bureau has concluded that petitioner was convicted of a crime of violence and that he is not entitled to a reduction in his sentence for his participation in a treatment program.

### B. *Judicial Construction of 18 U.S.C. § 3621(e)(2)(B)*

The Court acknowledges that violations of 21 U.S.C. § 841(a)(1) generally are not considered to be crimes of violence under 18 U.S.C. § 924. *United States v. Meyer,* 803 F.2d 246, 248–49 (6th Cir.1986) (per curiam), *cert. denied,* 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 770 (1987); *Downey v. Crabtree,* 100 F.3d 662, 668 (9th Cir.1996) (per curiam) This Court, however, has chosen to take a case-by-case approach here by inquiring into the facts underlying petitioner's conviction. *Cf. Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 2158–60, 109 L.Ed.2d 607 (1990) (adopting a categorical approach, looking only to the definitions of offenses when interpreting a statute and not to the particular facts underlying the convictions)

---

2. Program Statement 5162.02 categorizes criminal offenses as: crimes of violence in all cases (section 7); crimes of violence depending on the base offense level assigned (section 8); crimes of violence depending on the specific offense characteristic assigned (section 9); and crimes of violence depending on a variety of factors (section 10).

According to petitioner's presentence investigation report, on July 21, 1994, officials searched petitioner's pole barn in Burlington, Michigan and found a small amount of marijuana, a triple beam scale, and two rifles. When authorities conducted a separate search of petitioner's residence in East Leroy, Michigan, they discovered $18,740.00 in United States currency and a small amount of marijuana. Additionally, they seized a Ruger .357 magnum revolver, two semi-automatic shotguns, and a Winchester .30 caliber lever action rifle.

The sentencing judge subsequently enhanced petitioner's sentence after determining that petitioner possessed firearms during his drug trafficking activities. The Bureau then deemed petitioner's offense to be a crime of violence because he possessed firearms during his offense.

This court concludes that possession of dangerous weapons creates a substantial risk that force may be used against persons or property during the commission of a drug offense. The danger inherent in possessing weapons was sufficiently related to petitioner's offense to support the Bureau's decision under their regulations that the offense was a crime of violence. In other words, it is entirely reasonable, and certainly not arbitrary, for the Bureau to equate gun possession and drug dealing with violence, thus supporting the Bureau's conclusion that petitioner committed a violent offense. *See Pelissero v. Thompson,* 955 F.Supp. 634, 636–37 (N.D.W.Va.1997); *see also Piccolo v. Lansing,* 939 F.Supp. 319, 320–21 (D.N.J.1996) (upholding the Bureau's interpretation of 18 U.S.C. § 3621(e)(2)(B)); *Sesler v. Pitzer,* 926 F.Supp. 130, 132–33 (D. Minnesota 1996) (same). Moreover, under the express terms of the statute, any sentence reduction is discretionary with the Bureau. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons . . . .")(emphasis added)

**3.** As explained by the Supreme Court,
 [t]he court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have

### III. *Conclusion*

The Court concludes that the Bureau's interpretation of 18 U.S.C. § 3621(e)(2)(B) is a permissible and reasonable construction of the statute.[3] Accordingly, the Court defers to the Bureau's regulation and program statements and **DENIES** the petition for a writ of habeas corpus.

reached if the question initially had arisen in a judicial proceeding.
*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. at 843 n. 11, 104 S.Ct. at 2782 n. 11 (citations omitted).