Daniel Richard **BROWN**, Petitioner,

v.

Joseph **SCIBANA**, Respondent.

No. 99–CV–72950–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 3, 2000.

Daniel Richard Brown, petitioner pro se.

William J. Sauget, Assistant United States Attorney, Detroit, MI, for respondent.

## *OPINION*

DUGGAN, District Judge.

On July 10, 1999, petitioner Daniel Richard Brown, a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") determination that he was not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) upon successful completion of a drug treatment program because he was convicted of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). For the reasons stated below, petitioner's petition shall be denied.

### *Background*

As part of the Violent Crime and Control Act of 1994 ("the Act"), the BOP was directed to make appropriate substance abuse treatment programs available to federal inmates. *See* 18 U.S.C. § 3621(b).

To encourage participation, the Act provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

In October 1997, the BOP implemented a revised regulation and program statement,[1] which set forth certain criteria for determining whether the BOP should grant early release under the Act. *See* 28 C.F.R. § 550.58. The 1997 regulation states that, "[a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons," inmates convicted of certain felonies "are not eligible for early release," including felonies "[t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." 28 C.F.R. § 550.58(a)(1)(vi)(B). At the same time, the BOP issued Program Statement 5162.04, concerning categorization of offenses for purposes of determining inmate eligibility for certain program benefits. Section 7 of the Program Statement, entitled "OFFENSES THAT AT THE DIRECTOR'S DISCRETION SHALL PRECLUDE AN INMATE'S RECEIVING CERTAIN BUREAU PROGRAM BENEFITS,"[2] specifically states that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits." Program Statement 5162.04 § 7(e).

---

1. 28 C.F.R. § 550.58 originally defined felon in possession as a "crime of violence," thereby rendering inmates convicted of felon in possession statutorily ineligible for early release. In response to several federal court decisions rejecting the BOP's categorization of felon in possession as a crime of violence, the BOP has revised § 550.58 such that felon in possession is no longer defined as a crime of violence. *See, e.g., Orr v. Hawk,* 156 F.3d 651 (6th Cir.1997), *modified,* 172 F.3d 411 (6th Cir.1999); *Royce v. Hahn,* 151 F.3d 116 (3d Cir.1998); *Davis v. Crabtree,* 109 F.3d 566 (9th Cir.1997).

2. According to the Program Statement, "Section 7 lists offenses that are not categorized as crimes of violence, but would nevertheless preclude an inmate's receiving certain Bureau program benefits at the Director's discretion." Program Statement 5162.04 § 5.

While incarcerated at FCI Milan, petitioner requested that the BOP determine his eligibility for a sentence reduction of up to one year for participating in the BOP's Comprehensive Drug Abuse Treatment Program.[3] Petitioner was informed, however, that although he could participate in the program, he would be ineligible for a one-year sentence reduction based upon his conviction as a felon in possession of a firearm under 18 U.S.C. § 922(g). (Resp., Ex. G). According to the BOP, petitioner was denied early release because Program Statement 5162.04 identified the offense of felon in possession of a firearm "as one that, at the Director's discretion, shall preclude inmates from receiving certain program benefits, including early release." (Resp., Ex. H).

### Discussion

Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the BOP's denial of a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) was "based on an invalid, unconstitutional, and arbitrary decision of the Bureau of Prisons." (Pet. at 4). According to petitioner, the BOP's decision "places [p]etitioner in a special class of inmates being denied the benefits afforded other inmates incarcerated with the Bureau of Prisons." (Id.).

In support of his petition, petitioner relies upon Orr v. Hawk, 156 F.3d 651 (6th Cir.1998), modified, 172 F.3d 411 (6th Cir. 1999), in which the Sixth Circuit held that the BOP's categorization of the offense of felon in possession as a "crime of violence" was improper.[4] (Pet. at 5–6). In Orr, however, the Sixth Circuit addressed only whether the BOP's categorization of felon in possession as a "crime of violence" was

proper. Orr did not hold that an inmate convicted of felon in possession could never be denied early release. In fact, the Sixth Circuit specifically recognized that "[n]othing in the statute requires the BOP to grant early release to any eligible prisoner." Id. at 653.

Consistent with Orr, respondent contends that under 28 C.F.R. § 550.58 and Program Statement 5162.04, "[r]ather than finding inmates like [petitioner] 'violent offenders,' and thus statutorily ineligible for early release consideration, the BOP now considers them nonviolent and statutorily eligible for early release." (Resp. at 8). "However, exercising the broad discretion authorized by Congress, the Director has determined that nonviolent offenders whose offense involved the possession, use, or carrying of a firearm, will not be given the early release benefit because they represent a very real threat to public safety." (Id.). According to respondent, the legislative history of 18 U.S.C. § 3621(e) "made it clear that substantial deference was intended" and "that release was not guaranteed, but was up to the Bureau." (Resp. at 9).

■■■ It is well settled that "[e]ligibility is not entitlement" and that "[c]ommission of a nonviolent offense makes a prisoner eligible for consideration but does not require the Bureau to grant the boon he seeks." Bush v. Pitzer, 133 F.3d 455, 457 (7th Cir.1997); see also Braxton v. Dove, No. 98–5035, 1999 WL 430584 (6th Cir. 1999); Orr, 156 F.3d at 653. The BOP enjoys broad discretion in granting and denying early release under § 3621(e)(2)(B). Jacks v. Crabtree, 114 F.3d 983, 984 (9th Cir.1997). The issue,

---

3. Petitioner completed the institutional phase of the residential drug and alcohol treatment program on July 16, 1999.

4. Petitioner also relies upon Fristoe v. Thompson, 144 F.3d 627, 629–32 (10th Cir. 1998), in which the Tenth Circuit held that the BOP could not consider sentencing enhancements in determining which crimes constituted "crimes of violence" because the

plain language of § 3621(e)(2)(B) referred to "convictions," not enhancements. Petitioner, however, was not denied a sentence reduction because of a sentencing enhancement. In fact, petitioner received no sentencing enhancement. Instead, petitioner was denied early release based solely upon his conviction as a felon in possession. Therefore, Fristoe is inapplicable to the case sub judice.

therefore, is whether, in categorically denying early release to inmates convicted of felon in possession, the BOP has validly exercised its discretion under § 3621(e)(2)(B).

Nothing in § 3621(e)(2)(B) mandates that the BOP exercise its discretion on an individual, rather than categorical, basis. Furthermore, a number of courts have held that the BOP may, as a valid exercise of its discretion under § 3621(e)(2)(B), categorically deny early release to certain inmates. *See, e.g., Bellis v. Davis,* 186 F.3d 1092 (8th Cir.1999) (inmates who were convicted of felon in possession or had received sentence enhancement for possession of a dangerous weapon during commission of a drug offense); *Wottlin v. Fleming,* 136 F.3d 1032 (5th Cir.1998) (inmates with prior convictions for homicide, forcible rape, robbery, or aggravated assault); *Martinez v. Flowers,* 164 F.3d 1257 (10th Cir.1998) (inmates with prior convictions for homicide, forcible rape, robbery, or aggravated assault); *Bush,* 133 F.3d at 457–59 (inmates whose offense presents serious potential risk of physical force against person or property). This Court agrees.

The statute states only that the prison term of inmates convicted of a nonviolent offense *"may* be reduced by the Bureau of Prisons." *See* 18 U.S.C. § 3621(e)(2)(B) (emphasis added). "The statute unambiguously precludes the release of violent offenders, and just as unambiguously places no other criteria on whom BOP chooses to release." *LaSorsa v. Spears,* 2 F.Supp.2d 550, 554 (S.D.N.Y.1998), *aff'd,* 182 F.3d 900 (2d Cir.1999). Furthermore, in addressing early release under § 3621(e)(2)(B), Congress specifically recognized that "[i]n effect, [§ 3621(e)(2)(B) ] authorizes the BOP to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on the criteria to be established and uniformly applied by the BOP." H.R. 3350, 103d Cong. § 1 (1993); *see also* H.R.REP. No. 103–320 (1993).

In determining that 28 C.F.R. § 550.58 and Program Statement 5162.04 represent a valid exercise of the BOP's discretion in developing criteria for early release, this Court agrees with the Eighth Circuit's reasoning in *Bellis* that:

The BOP chose to exercise the discretion granted to it under the statute by identifying additional categories of inmates who are ineligible for the early-release program because, although their offenses may be "nonviolent" within the meaning of the statute, their underlying conduct indicates that they pose a serious risk to public safety. We think that the BOP's decision to exclude these additional categories of inmates from eligibility represents a manifestly permissible construction of the statute and an appropriate exercise of the BOP's discretion.

*Bellis,* 186 F.3d at 1095.

A number of courts have held that the BOP may not categorically deny early release to inmates based upon sentencing enhancements. *See, e.g., Samples v. Scibana,* 74 F.Supp.2d 702 (E.D.Mich.1999); *Todd v. Scibana,* 70 F.Supp.2d 779 (E.D.Mich.1999); *Scroger v. Booker,* 39 F.Supp.2d 1296 (D.Kan.1999); *Nelson v. Crabtree,* 59 F.Supp.2d 1081 (D.Or.1999); *Williams v. Clark,* 52 F.Supp.2d 1145 (C.D.Cal.1999); *Rodriguez v. Herrera,* 72 F.Supp.2d 1229 (D.Colo.1999). Central to the holdings in those cases, however, was the idea that the BOP violated the plain language of § 3621(e)(2)(B), which focuses upon the inmate's conviction, by considering matters collateral to the actual conviction in denying early release. Contrary to those cases, the BOP's categorical denial of early release based upon an inmate's conviction for felon in possession focuses solely upon the inmate's conviction itself.

This Court recognizes a distinction between the BOP's discretion to define certain crimes as "crimes of violence," rendering some inmates statutorily ineligible for early release, and the BOP's discretion to deny early release to inmates convicted of

706

nonviolent offenses. "[W]hile BOP does not have discretion to define [certain] prisoners as 'violent offenders,' BOP does have discretion nonetheless to deny early release." *LaSorsa,* 2 F.Supp.2d at 556. Furthermore, the BOP is not precluded from reaching the same result through a lawful exercise of its discretion merely because its original classification was unlawful. As recognized by the United States Supreme Court, an agency may "in the exercise of its lawful discretion, reach the same result for a different reason." *Federal Election Comm'n v. Akins,* 524 U.S. 11, 118 S.Ct. 1777, 1786, 141 L.Ed.2d 10 (1998) (citing *SEC v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943)).

### Conclusion

Because this Court finds the BOP's categorical denial of early release to inmates convicted of felon in possession to be a valid exercise of its discretion under § 3621(e)(2)(B), petitioner's application for a writ of habeas corpus shall be denied.

A Judgment consistent with this Opinion shall issue forthwith.