Mark TILLMON, Petitioner,

v.

John HEMINGWAY, Respondent.

No. 00–CV–40120–FL.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 31, 2000.

Patricia G. Gaedeke, United States Attorney's Office, Detroit, for respondent.

Mark Tillmon, Milan, MI, pro se.

*ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND, DENYING RESPONDENT'S MOTION TO HOLD BRIEFING IN ABEYANCE, AND GRANTING THE HABEAS CORPUS PETITION*

GADOLA, District Judge.

## I. Background

This is a habeas corpus action under 28 U.S.C. § 2241. Petitioner Mark Tillmon is an inmate at the Federal Correctional Institution in Milan, Michigan where respondent John Hemingway is the warden.

Petitioner has been convicted in this District of conspiracy to possess with intent to distribute cocaine and heroin. *See* 21 U.S.C. § 846. The trial court sentenced Petitioner to 100 months in prison and 5 years of supervised release.[1] The court enhanced Petitioner's sentence under U.S.S.G. § 2D1.1(b)(1) because agents of the Federal Bureau of Investigation ("FBI") found firearms in Petitioner's residence when they arrested him.

On March 21, 2000, Petitioner filed the pending habeas petition. His sole claim is that the Bureau of Prisons ("BOP") abused its statutory discretion under 18 U.S.C. § 3621(e)(2)(B), when it ruled that he was ineligible for a one-year reduction in his sentence on completion of the BOP's Residential Drug Abuse Treatment Program.[2]

Currently before the Court are Petitioner's habeas corpus petition, Respondent's motion to hold briefing in abeyance, and Petitioner's motion to amend the habeas petition.

## II. Discussion

### A. Petitioner's Motion to Amend the Habeas Petition

Petitioner seeks to amend his habeas petition to include an argument based on *Apprendi v. New Jersey,* — U.S. —, 120 S.Ct. 2348, 2362, 147 L.Ed.2d 435 (2000)(holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Respondent has not filed an objection to Petitioner's motion, and Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Accordingly, the Court GRANTS Petitioner's motion to amend the habeas petition. The Court deems the original habeas petition to be amended by Petitioner's argument under *Apprendi.*

### B. Respondent's Motion to Hold the Case in Abeyance

On May 22, 2000, Respondent filed an answer to the habeas petition, urging the Court to deny the petition on the merits. Respondent subsequently moved to hold briefing in abeyance pending a decision by the Supreme Court in *Lopez v. Davis,* — U.S. —, 120 S.Ct. 1717, 146 L.Ed.2d 640 (2000), which raises the same issue that Petitioner presents for review.

---

1. Petitioner is scheduled for release from confinement on August 26, 2003.

2. Subsection 3621(e)(2)(B) reads:
    **Period of custody.**—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Holding a case in abeyance is similar to granting a continuance, and granting or denying a continuance is a matter within this Court's discretion. *United States v. Peters*, 15 F.3d 540, 545 (6th Cir.1994). The Court notes that Respondent has addressed Petitioner's claim on the merits in his answer to the habeas petition, and Petitioner opposes further delay in these proceedings. Under the circumstances, the Court is not persuaded that a continuance is necessary or advisable. Accordingly, the Court **DENIES** Respondent's motion to hold this action in abeyance. The Court will proceed to adjudicate Petitioner's claim on the merits.

## C. *Petitioner's Claim*

Petitioner alleges that the BOP violated the plain meaning of 18 U.S.C. § 3621(e)(2)(B) when it declared him ineligible for a reduction in sentence on completion of its drug treatment program. Petitioner contends that the BOP cannot categorically deny consideration to him solely because his sentence for a non-violent drug offense was enhanced due to possession of a firearm in connection with the offense.[3]

### 1. *The Statute*

Under 18 U.S.C. § 3621(b)(5) and (e)(1), the BOP must make substance abuse treatment available for each prisoner that the BOP determines has a treatable condition of substance addiction or abuse. As an incentive to treatment, the statute permits the Bureau to reduce a prisoner's sentence by one year if the prisoner was convicted of a nonviolent offense and successfully completes a treatment program. 18 U.S.C. § 3621(e)(2)(B).

Section 3621 neither defines the phrase "convicted of a nonviolent offense" nor es-

tablishes other criteria for determining eligibility for sentence reduction. Congress intended the BOP to develop such additional criteria. *Ward v. Booker*, 202 F.3d 1249, 1251 (10th Cir.2000), *petition for cert. filed*, 68 U.S.L.W. 3023 (U.S. June 3, 2000)(No. 00–18).

### 2. *The Regulation and Program Statement*

The BOP has interpreted 18 U.S.C. § 3621(e)(2)(B) in a regulation, which reads in pertinent part as follows:

§ 550.58 Consideration for early release.

An inmate who was sentenced to a term of imprisonment . . . for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) Additional early release criteria.

(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

(vi) Inmates whose current offense is a felony:

. . . .

(B) [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) . . . .

28 C.F.R. § 550.58(a)(1)(vi)(B) (1997).[4]

The BOP has drafted a program statement, which further interprets the statute.

---

**3.** Petitioner also alleges that, under *Apprendi*, the trial court illegally enhanced his sentence and, therefore, the BOP should not have relied on the enhanced sentence. The Court will not address this argument because it has concluded for other reasons that Petitioner is entitled to the writ of habeas corpus.

**4.** As explained by the United States Court of Appeals for the Sixth Circuit, the BOP
 initially adopted the definition of crime of violence set forth in 18 U.S.C. § 924(c)(3). Under that regulation, a prisoner was expressly ineligible for early release if his offense was a felony (1) that 'ha[d] as an element the use, attempted use, or threat-

Pursuant to Program Statement 5162.04, defendants who were convicted under 21 U.S.C. § 846, the predicate offense in this case, and who received a two-level sentence enhancement for possessing a dangerous weapon are not entitled to a reduction in their sentence on completion of the BOP's drug treatment program. *See* Program Statement 5162.04, Section 7.d. (Oct. 9, 1997)(filed as Exhibit 8 in Respondent's answer to the habeas petition).

### 3. *The Standard of Review*

On review of an agency's construction of a statute, federal courts must ask first whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.[5] If however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.[6]

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)(footnotes in original with additional citations).

The Court must give "controlling weight" to an agency's regulation unless the regulation is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 843–44. Program statements are "akin to an 'interpretive rule'" and are "entitled to some deference." *Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

### 4. *Analysis*

■ Petitioner was convicted of a nonviolent drug offense, and his sentence was enhanced by two levels because FBI agents found a gun, rifle, and ammunition in his residence when they arrested him there. *See* Response to Petition, Exhibit 4, at 4–5. Accordingly, the BOP has concluded on the basis of its regulation and

---

ened use of physical force against the person or property of another,' or (3) that, 'by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' 18 U.S.C. § 924(c)(3).

The BOP, however, has since amended 28 C.F.R. § 550.58 to add language based, in part, on a repealed section of the Public Health and Welfare Title. The definition in the new § 550.58 is an amalgam of different United States Code sections, rather than merely drawing from § 924(c)(3). This now includes the § 924(c)(3) language virtually verbatim, but additionally provides, in relevant part, that '[i]nmates whose current offense is a felony ... [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives' are ineligible for early release. The former 42 U.S.C. § 3796ii–2 contained remarkably similar language, defining a 'violent offender' as one who 'is charged with or convicted of an offense, during the course of which offense or conduct ... [the accused] carried, possessed, or used a firearm or dan-

gerous weapon...' 42 U.S.C. § 3796ii–2(1)(A)(repealed 1996). The BOP has at least implicitly acknowledged in other litigation that its new definition of crime of violence derives from the repealed statute. *Sesler v. Pitzer,* 110 F.3d 569, 571–572 (8th Cir.), *cert. denied,* 522 U.S. 877, 118 S.Ct. 197, 139 L.Ed.2d 135 (1997); *Davis v. Crabtree,* 109 F.3d 566, 569–570 (9th Cir.1997); *Orr v. Hawk,* 156 F.3d 651, 653 (6th Cir. 1998)(some citations omitted).

5. The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent. If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect.

6. The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding.

program statement that Petitioner is not entitled to a reduction in his sentence if he participates in its drug treatment program. *See id.*, Exhibit 7.

The BOP's reliance on a sentencing enhancement conflicts with the plain language of the statute, which refers to prisoners who have been convicted of a nonviolent offense. *Ward*, 202 F.3d at 1254 (quoting *Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir.1998)). "In other words, if the prisoner has not been convicted of a violent offense, [the] BOP cannot use sentencing factors or enhancements to convert a nonviolent offense into a violent one for purposes of § 3621(e)(2)(B)." *Id.* (quoting *Martinez v. Flowers*, 164 F.3d 1257, 1260 (10th Cir.1998)(quoting *Fristoe*, 144 F.3d at 632)). The BOP has exceeded its authority, and its construction of the statute is not a permissible one. *See id.* at 1254–57; *accord Byrd v. Hasty*, 142 F.3d 1395 (11th Cir.1998);[7] *Martin v. Gerlinski*, 133 F.3d 1076, 1079–81 (8th Cir.1998); *Roussos v. Menifee*, 122 F.3d 159, 163–64 (3rd Cir.1997); *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir.1996); *Samples v. Scibana*, 74 F.Supp.2d 702, 707–08 (E.D.Mich.1999); *Todd v. Scibana*, 70 F.Supp.2d 779, 784 (E.D.Mich.1999); *see also Orr v. Hawk*, 156 F.3d 651, 655 (6th Cir.1998)(holding that "the BOP's exclusion of mere possessory offenders from consideration for early release is improper"); *but see Bowen v. Hood*, 202 F.3d 1211, 1220 (9th Cir.)(holding that the BOP's exercise of discretion was permissible and reasonable), *petition for cert. filed*, (U.S. June 26, 2000)(No. 99–10221); *Bellis v. Davis*, 186 F.3d 1092, 1095 (8th Cir.1999)(concluding that the BOP acted within its authority in excluding petitioners from the early-release program under § 3621(e)(2)), *cert. granted sub nom. Lopez v. Davis*, — U.S. —, 120 S.Ct. 1717, 146 L.Ed.2d 640 (2000); *Pelissero*

*v. Thompson*, 170 F.3d 442 (4th Cir.1999)(concluding that the BOP "acted permissibly and reasonably in applying 18 U.S.C. 3621(e)(2)(B) to deny inmates early release when their convictions involve the use or possession of firearms"); *Venegas v. Henman*, 126 F.3d 760, 761–62 (5th Cir.1997)(concluding that denying eligibility for early release to inmates whose sentences were enhanced due to possession of a weapon in connection with their drug conviction "is consistent with the letter and spirit of the [BOP's] authority"); *LaPlante v. Pontesso*, 961 F.Supp. 186, 189 (E.D.Mich.1997)(concluding in a similar case that the BOP's interpretation of § 3621(e)(2)(B) was a permissible and reasonable construction of the statute).

### III. *Conclusion*

The BOP's decision is not entitled to deference because it is an impermissible construction of the statute. Petitioner was convicted of a nonviolent offense, and he should not be considered ineligible for a sentence reduction solely because his sentence was enhanced for possessing firearms. Accordingly, the Court **GRANTS** the habeas corpus petition [docket entry # 1] to the extent that the BOP is ordered to reconsider Petitioner's request to be deemed eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) without regard to any sentencing enhancement. As previously explained, the Court **GRANTS** Petitioner's motion to amend [docket entry # 11] and **DENIES** Respondent's motion to hold the case in abeyance [docket entry # 9].

---

7. The fact that *Byrd* and other cases are based on the BOP's former regulation and program statement does not bar this Court from relying on them. *Todd v. Scibana*, 70 F.Supp.2d 779, 784 (E.D.Mich.1999); *see Orr v. Hawk*,

156 F.3d 651, 654 (6th Cir.1998)(stating that the new regulation (28 C.F.R. § 550.58 (1997)) "does not represent a change in position for the BOP").