# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1533

_____

Jeff H. King, Sr.,      *
    *
         Appellant,     *
    *    Appeal from the United States
      v.     *    District Court for the
    *    Eastern District of Arkansas.
Marvin D. Morrison, Warden FCI,     *
Forest City, Arkansas,     *
    *
         Appellee.     *

_____

Submitted: September 15, 2000

Filed: November 7, 2000

_____

Before HANSEN, HEANEY and MORRIS S. ARNOLD, Circuit Judges.

_____

HEANEY, Circuit Judge.

Jeff King appeals the district court's denial of his § 2241 petition for habeas corpus relief based on 18 U.S.C. § 3621(e). We reverse.

## I. Background

Jeff King is an inmate at the Federal Correctional Institution in Forrest City, Arkansas. He pled guilty in May 1994 in the United States District Court for the

Eastern District of Tennessee to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). King was previously convicted of two felony marijuana charges that occurred in November 1982 and April 1988. On May 18, 1992 King was stopped by the police in Pigeon Forge, Tennessee for driving erratically. There was a firearm in the vehicle that he was driving, leading to the § 922(g) charge. King was sentenced to ninety-six months imprisonment, to be followed by three years of supervised release. His projected release date is June 29, 2001.

Once in prison, King signed an agreement on May 7, 1996 to participate in a 500-hour Residential Drug Abuse Treatment Program (R.D.A.P.). The Bureau of Prisons (B.O.P) told him that under 18 U.S.C. § 3621(e)[1] he would be eligible for a twelve month sentence reduction if he successfully completed the program. After completing approximately two months of pre-program training, King began the R.D.A.P. program on June 13, 1996. On June 17 the R.D.A.P. coordinator determined that King was ineligible for the one-year sentence reduction solely because the Unit Team had determined that King's possession of a firearm by a felon violation was a "crime of violence."

King immediately contested this determination and sought administrative relief. He remained in and successfully completed the drug rehabilitation program on April 11, 1997, and days later further contested the B.O.P.'s denial of eligibility for a sentence reduction. After petitioning the B.O.P. for relief four more times, King filed a habeas petition under § 28 U.S.C. § 2241 et seq. in district court in April 1998.

---

[1] 18 U.S.C. § 3621(e)(1) requires that "the Bureau of Prisons . . . provide residential substance abuse treatment . . . for all eligible prisoners by the end of fiscal year 1997." It further provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B)(1994).

The magistrate judge concluded that the § 922(g) violation was a nonviolent offense, and recommended that King be considered for early release. The warden of the prison objected to this recommendation, however, and took the matter to the district court. The district court dismissed King's case based on Bellis v. Davis, 186 F.3d 1092 (8th Cir. 1999). Relying on Bellis, the district court concluded that the Bureau did not act unreasonably in denying early release eligibility to King. The B.O.P. had determined through its 1997 Program Statement and regulations that § 922(g) offenders pose a serious risk to public safety, and were thus ineligible for early release under § 3621(e)(2)(B). See id. at 1095. King appeals.

II. Discussion

Section 32001 of the Violent Crime Control and Law Enforcement Act of 1994, codified at 18 U.S.C. § 3621(e)(2)(B), authorizes the B.O.P. to offer an early release incentive to certain federal prisoners to encourage them to enroll in its voluntary drug abuse treatment program. The statute is discretionary. It does not require the B.O.P. to give any prisoner a sentence reduction. The agency must only 1) limit its consideration for sentence reductions to those prisoners convicted of nonviolent offenses; and 2) limit any sentence reduction to one year or less.

Congress did not define "nonviolent offense," leaving the agency to interpret the term. On May 25, 1995, the B.O.P. issued Program Statement 5330.10 (Drug Abuse Programs Manual, Inmate), which listed the qualifications that participating inmates must meet in order to qualify for early release eligibility. The B.O.P. excluded inmates whose "current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(C)(3)." In § 924(C)(3) congress defined "crime of violence" as:

> an offense that is a felony and [](A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical

force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

To further clarify the term "crime of violence," the B.O.P. promulgated Program Statement 5162.02, adopted on July 24, 1995, which identified the criminal offenses that the B.O.P. considered to be "crimes of violence in all cases." § 922(g) is listed among those offenses. The question before us is the degree of deference to be given to the B.O.P.'s 1995 program statements, the existing regulations at the time that King completed the R.D.A.P. program. We hold that the B.O.P.'s July 1995 Program Statement was not sufficient authority to exclude felons in possession from consideration for early release, and King is therefore entitled to relief.

We find Orr v. Hawk 156 F.3d 651 (6th Cir. 1998) persuasive. In that case, a federal prisoner was convicted on one count of possession of a firearm by a previously convicted felon in violation of § 922(g), among other convictions. While in prison, Orr completed a "Comprehensive Drug Abuse Treatment Program" in 1994 and petitioned the B.O.P. for a one-year reduction in his sentence as provided in 18 U.S.C. § 3621(e)(2)(B). The B.O.P. denied his petition because under Program Statement 5162.02, his felon-in-possession conviction was interpreted to be a crime of violence within the meaning of 18 U.S.C. § 924(c)(3). See Orr, 156 F.3d at 652.

Although the Sixth Circuit determined that the 1997 B.O.P. amendment to 28 C.F.R. § 550.58 was retroactively applicable to the defendant, it held that the B.O.P.'s exclusion of "mere possessory offenders from consideration for early release" in Program Statement 5162.02 **and** § 550.58 was improper. Id. at 655. The court explained that the B.O.P. "can deny eligibility only to those who have committed a crime of violence" and that "[n]o section of the United States Code defines crimes of violence . . . to include 18 U.S.C. § 922(g) as a violent crime." Id. at 655-56. With

few exceptions, the Sixth Circuit noted, Title 18 relies on the following definition of a crime of violence:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  18 U.S.C. § 16.

We agree with the Sixth, First, Third, and Ninth Circuits that this definition, standing alone, could not encompass a felon's mere possession of a firearm prior to October 1997, when Program Statement 5162.02 was still valid.  See Orr, 156 F.3d at 656; Royce v. Hahn, 151 F.3d 116, 123 (3d Cir. 1998); Davis v. Crabtree, 109 F.3d 566 (9th Cir. 1997); United States v. Doe, 960 F.2d 221, 224 (1st Cir. 1992).  As a result, we decline to defer to the B.O.P.'s Program Statement 5162.02, which identifies felon in possession as a crime of violence.  In Bellis we explicitly held that under § 550.58 the B.O.P. can exclude persons convicted of nonviolent crimes.  Bellis, 186 F.3d at 1095.  For that reason we do not extend our holding to the current B.O.P. regulations, as the Sixth Circuit did.

The Sixth Circuit noted that "[i]n examining the agency's . . . Program Statement 5162.02, other courts have applied relatively greater scrutiny than they would have had the rule been a published regulation subject to the rigors of notice and comment." Orr, 156 F.3d at 654.  See also Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998) ( "Where the agency's interpretation of the statute is made informally, however, such as by a 'program statement,' the interpretation is not entitled to Chevron deference . . . . The B.O.P.'s program statement definition of a 'nonviolent offense' is not well-reasoned, and fails to persuade us that it is entitled to deference."); Roussos v. Menifee, 122 F.3d 159, 163 (3d Cir. 1997) ("[T]he B.O.P. converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations"); Davis v. Crabtree, 109 F.3d 566,

568-69 (9th Cir. 1997) (Bureau of Prison program statements are only entitled to some deference); but see Venegas v. Henman, 126 F.3d 760, 763 (5th Cir.1997) ( "the use of the phrase 'a nonviolent offense' merely excludes all inherently violent offenses from eligibility for consideration, while leaving to the Bureau's discretion the determination of which other offenses will or will not be eligible for consideration.").

We agree that Bellis would control the outcome of this case if King had not completed his drug rehabilitation program prior to October 1997. In Bellis, the B.O.P. determined that ten federal prisoners were ineligible for the early-release incentive, some of whom had been convicted of being a felon in possession of a firearm under § 922(g). Bellis, 186 F.3d at 1094. The court granted deference to the B.O.P.'s determination under Program Statement 5162.04, codified at 28 C.F.R. § 550.58, in holding that the appellees were not eligible for early release under § 3621(e)(2)(B). See id. at 1094-95. That regulation, which was subjected to the notice and comment procedure, was not in effect at the time that King began the drug abuse treatment program, nor when he successfully completed the program in April 1997.

III. Conclusion

We remand to the district court with directions to remand to the B.O.P. to determine whether King is eligible for early release in light of this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-