UNITED STATES of America, Plaintiff,

v.

The KROGER COMPANY, Defendant.

No. C–1–81–992.

United States District Court,
S.D. Ohio, W.D.

July 8, 1983.

James H. Jeffries, III, Robert G. Nath, Tax Div., Dept. of Justice, Washington, D.C., Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff.

Lawrence E. Barbiere, Cincinnati, Ohio, Arnold & Porter, Washington, D.C., for defendant.

## ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon cross-Motions for Summary Judgment (Doc. Nos. 8, 9) and extensive memoranda of the parties. (Doc. Nos. 10, 11, 15, and 17). For the reasons stated herein, the petitioners' Motion for Summary Judgment is GRANTED and the respondents' Motion for Summary Judgment is DENIED.

### I. Introduction

Petitioners, the United States and Revenue Agent Robert Pohlkamp, brought this action to enforce an Internal Revenue Service (IRS) summons issued to the respondents, Kroger Company and George A. Leonard, Vice President, in connection with the IRS' audit of that company for the fiscal years 1977 and 1978. The summons is directed towards certain "representation letters" which Kroger furnished Coopers &

Lybrand, its independent auditor, for the years in question. The respondents have objected to the requested production on the grounds that the documents in question are not relevant, and that the request in this case failed to comply with IRS manual guidelines governing such requests. We will address each of these contentions in turn.

**(A)** *Relevancy of Documents Requested:*

■ In order to establish a prima facie case for the enforcement of an IRS summons, the Government must demonstrate the following: (1) that the investigation has a legitimate purpose; (2) that the summoned materials are relevant to that investigation; (3) that the information sought is not already within the IRS' possession; and (4) that the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The parties agree that only (2) is at issue herein.

The relevancy requirement of *Powell* also has a statutory basis. Section 7602 of the Internal Revenue Code provides in pertinent part:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any Internal Revenue tax . . ., or collecting any such liability, the secretary is authorized—
>
> (1) to examine any books, papers, records or other data which *may be relevant or material to such inquiry* . . . (emphasis added).

At issue herein are representation letters submitted by officers of the company to Coopers & Lybrand, its independent auditor. Under the Securities laws, Kroger is required to provide the SEC and its Shareholders with certain financial statements. SEC regulations require that these statements be audited by an independent auditor, who must render an opinion that the statements fairly represent the Company's financial position. Coopers & Lybrand acts as Kroger's independent auditor for this purpose. Representation letters are required by an accounting rule contained in Statement on Auditing Standards (SAS) No. 19 (June, 1977), codified as Section 333 of the Codification of Statement on Auditing Standards issued by the American Institute of Certified Public Accountants. SAS No. 19 requires that a taxpayer make specific written representations to its independent auditor on approximately 20 different accounting topics in order to assure the accountant of the accuracy of the audit and/or to point out what matters have been omitted or overlooked. It is undisputed that the representation letters at issue herein were not used in any way in the preparation of the Kroger Company's federal income tax returns for the years in question, nor did Coopers & Lybrand assist in the preparation or filing of the Company's returns for those years.

In affidavits accompanying its Motion for Summary Judgment, the Government sets forth various grounds for the potential relevancy of these representation letters to its audit of the Kroger Company. The Government asserts that the general purpose of the representation letters is to either confirm the accuracy of the described portion of the financial statement or, in the alternative, to state the topics, areas, events, or items that are not accurate. (Pohlkamp Affidavit, ¶¶ 9–19; Appelman Affidavit, ¶¶ 9–19). Specifically, the Government relies upon representations made in such letters as to: (1) whether a company's receivables are correctly accounted for, as bearing upon the bad debt reserve deducted on the tax return; (2) comments on items of property or assets which might have an affect on depreciation and investment credit taken by the corporation; (3) comments on contingent liabilities potentially affecting the profit and loss statement of the company; (4) whether there have been any violations of laws or regulations, as bearing upon the propriety of certain deductions taken under Section 162(c) of the Internal Revenue Code; and (5) additional assets (cash, property, etc.), intercompany accounts and balances, and

other liabilities (mortgages, guarantees, etc.) potentially affecting the accuracy of the tax returns in question.

The Government argues that the above-identified grounds satisfy the minimal standard of relevance required under Section 7602 and cases decided thereunder. *United States v. Powell, supra; United States v. Noall,* 587 F.2d 123, 125 (2nd Cir.1978), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979); *United States v. Kis,* 658 F.2d 526, 537 (7th Cir.1981); *United States v. Turner,* 480 F.2d 272, 279 (7th cir.1973); *United States v. Ohio National Bank,* 42 A.F.T.R.2d 78–5500 (S.D.Ohio 1978).

Respondents rely upon the case of *United States v. Coopers & Lybrand,* 413 F.Supp. 942 (D.Colo.1975), *aff'd* 550 F.2d 615 (10th Cir.1977). The District Court in that case refused to enforce a summons directed towards the taxpayer's independent auditor with respect to an audit program and tax pool analysis file and related papers. The Court emphasized that such documents were not prepared in conjunction with the preparation or filing of the tax returns under audit, that the accounting firm involved had no responsibility for the preparation of the tax returns in question, and that the documents did not contain records of corporate transactions but were for the purpose of preparing annual consolidated financial statements for inclusion in shareholder reports and filings with the SEC. The United States Court of Appeals for the Tenth Circuit affirmed the lower court's decision, specifically approving the lower court's reasoning that the documents were not prepared in connection with or used to facilitate the preparation and filing of the taxpayer's returns, and that the auditor in question had no responsibility for any tax matters.

■ The weight of authority, however, favors the more liberal approach to relevancy. The statutory language is "may be relevant or material." This Court declines to take on the additional burden of inspecting such documents *in camera* in order to determine actual relevancy, as opposed to

potential relevancy. *United States v. Noall, supra* at 127. Based upon the affidavits admitted herein, we conclude that the representation letters which the IRS requests may "throw light upon the correctness of the taxpayer's return." *United States v. Turner,* 480 F.2d 272, 279 (7th Cir.1973). Moreover, in light of the Supreme Court's refusal to recognize an accountant-client privilege, see *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), we do not believe a greater showing of relevancy for documents generated in connection with an independent audit should be required.

We also note that the concern frequently expressed with respect to summons on third parties is not at issue here. The summons in this case was directed toward the taxpayer seeking its file copy of the representation letters, rather than to a third party.

(B) *Compliance with Procedures of the Internal Revenue Manual*

■ Once the Government has established a prima facie case for enforcement of its summons, the burden shifts to the taxpayer to demonstrate that enforcement of the summons would be an abuse of the Court's process. *United States v. Will,* 671 F.2d 963 (6th Cir.1982). Respondent argues that this Court should decline to enforce the summons based upon petitioners' alleged failure to comply with Internal Revenue Manual requirements governing IRS requests for accountants' work papers.

Respondent relies specifically on Section 4024 of the Internal Revenue Manual. The guidelines contained in Section 4024 provide that access to audit or tax accrual work papers should not be sought except in unusual circumstances. Such work papers "should normally be used only when such factual data cannot be obtained from the taxpayer's records and then only as a collateral factual source for factual data, access to which should be requested with discretion and not as a matter of standard examining procedures." § 4024.4.

The guidelines further define unusual circumstances in three ways: (a) where a specific issue or issues have been identified by the examiner for which there exists a need for additional facts; (b) where the examiner has sought from the taxpayer all facts known to the taxpayer relating to the identified issues; and (c) where the examiner has sought from the taxpayer's accountant supplementary analysis (not necessarily contained in the work papers) of facts relating to the identified issues. The guidelines go on to require that the examiner limit a request justified by unusual circumstances to only that portion of the work papers believed to be material and relevant to the examination. Finally, prior written approval of the chief of the examination division is required in order to request tax accrual work papers in corporate examinations.

Section 4024.2 of the Internal Revenue Manual contains pertinent definitions of accountant's work papers. Respondent relies specifically upon the following definition of "audit work papers."

(2) The term 'audit work papers' means work papers retained by the independent accountant as to the procedures followed, the test performed, the information obtained, and the conclusions reached pertinent to his/her examination. Work papers may include work programs, analyses, memorandums, *letters of confirmation and representation,* abstracts of company documents, and schedules or commentaries prepared or obtained by the auditor. These work papers provide an important support for the independent certified public accountant's opinion as to the fairness of the presentation of the financial statements, in conformity with generally accepted accounting principles and demonstrate compliance with ' the general accepted auditing standards. (See Sections 332.02 and .03 of the Codification of Statements on Auditing Standards, as issued by the American Institute of Certified Public Accountants). (emphasis added).

It is undisputed that the IRS' request for the representation letters in this case was not in accordance with the procedures set forth in Section 4024. Petitioner, however, contends that Section 4024 does not apply to representation letters authored by the taxpayer and contained within its files. It contends that Section 4025 contains the only applicable guidelines for such letters. That Section provides in pertinent part:

*4025 (5–14–81) Guidelines for Requesting Taxpayer Representation Letters:*

(1) In audits made in accordance with generally accepted auditing standards for periods ending on or after September 30, 1977, the Statement on Auditing Standards (SAS) No. 19, dated June, 1977 (Section 333 of the Codification of Statements on Auditing Standards), issued by the American Institute of Certified Public Accountants, requires that CPA's obtain a written representation letter from their clients (management) concerning a wide range of subjects, a number of which could have an impact on a taxpayer's liability. When examiners deem it necessary, a copy of this representation letter should be requested from the taxpayer.

(2) A copy of the taxpayer's letter should be obtained for any of the following purposes;

(a) to determine records which are not available;

(b) to determine transactions which have not been supported by proper documentation;

(c) to determine errors in financial statements;

(d) to determine violation of laws which may have a bearing on the taxpayer's tax liability; and

(e) to otherwise clarify the correctness of the taxpayer's tax returns.

(3) The examiner should take all reasonable means including the use of a summons to secure a copy of the taxpayer's representation letter from the tax manager or corporate officer, before requesting the same from the independent

auditor. (See IRM 4024.5 concerning use of summons.)

We may concede that the definition of "audit work papers" contained in Section 4024.2 appears to encompass representation letters. Section 4025, however, is far more explicit in its reference to the specific taxpayer representation letters sought herein. It is also significant that taxpayer representation letters were set forth in a separate section altogether from that of accountants' work papers. Finally, the fact that Section 4025 specifically delineates the circumstances in which a copy of the taxpayer's letter should be obtained, further supports the position that this section is intended to provide the exclusive guidelines for requesting taxpayer representation letters.

At most, the two sections are ambiguous as to what guidelines govern IRS requests for taxpayer representation letters. In that event, we believe the Commissioner's interpretation of the IRS' own manual provisions is entitled to some deference. Accordingly, this Court holds that the guidelines contained in Section 4024 of the Internal Revenue Manual did not apply to the requests at issue herein. We therefore need not address the additional question of whether the IRS' noncompliance with its own guidelines would render the summons unenforceable.

For the reasons stated herein, the petitioners' Motion for Summary Judgment and for Enforcement of the Summons is hereby GRANTED, and respondents' Motion for Summary Judgment is hereby DENIED.

IT IS SO ORDERED.